## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In Re:                                          Case No.:  6:14-bk-00034-CCJ
**Gildharee Persaud**
**Bhagwatie Persaud**                           **Chapter 13**

**Debtors.**
_____/

### AGREED ORDER ON VERIFIED MOTION TO VALUE COLLATERAL
### OF KONDAUR CAPITAL CORPORATION, AS SEPARATE TRUSTEE OF
### MATAWIN VENTURES TRUST SERIES 2013-3

THIS CASE came on for a hearing on August 19, 2014, upon the Debtors'
Verified Motion to Value Collateral of Kondaur Capital Corporation, as Separate Trustee
of Matawin Ventures Trustee Series 2013-3 (Claim No. 6) (Doc. No. 36) and Creditor's
Response and Objection to Motion to Value and Determine Secured Status filed by Kondaur Capital
Corporation, as Separate Trustee of Matawin Ventures Trustee Series 2013-3 (Doc. No. 38), and
the parties having agreed on the matters and the Court being fully advised on the
premises, it is:

Accordingly, it is:

ORDERED that the Debtors' Verified Motion to Value Collateral of Kondaur
Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2013-3 is
hereby GRANTED. It is further:

ORDERED that the Collateral, being more particularly described as:

1 Bahia Trace
Ocala, FL 34472

LEGAL DESCRIPTION
LOT 10, BLOCK 111, SILVER SPRINGS SHORES UNIT NO 7, AS PER
PLAT THEREOF, RECORDED IN PLAT BOOK J, PAGE(S) 94
THROUGH 102, PUBLIC RECORDS OF MARION COUNTY, FLORIDA.

bought from Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2013-3, is determined to have a value of $79,000.00 pursuant to 11 U.S.C. §506 of the Bankruptcy Code. It is further:

The Parties agree and it is ORDERED that the mortgage between Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2013-3 and the Debtors, Gildharee Persaud and Bhagwatie Persaud, shall be modified to a principal balance of $79,000.00 @ 5.25% with a complete payoff by Debtors of reduced secured claim by month twenty-four (24) of the plan, and secured Creditor shall be granted relief from stay should full payment not be received by the twenty-fourth month of the plan. The Debtors must maintain insurance and pay all ad valorem property taxes due on the property, and prove proof of insurance to secured Creditor. Other than the terms identified above, all other terms and conditions of the previous note and mortgage, recorded in the Marion County, Florida public records at OR Book 04242 Page 1164-1169, on November 14, 2005, shall remain in full force. Nothing in the parties' agreement or this Order shall be deemed a work a Novation. It is further:

ORDERED that the $79,000.00 secured Claim shall be considered long term debt within the meaning of ′1322(b)(5) and shall be deemed non-dischargeable pursuant to ′1328(a)(1) of the Bankruptcy Code; however, upon payment in full of the secured claim as described above, the loan will be deemed satisfied pursuant to the terms of this Order. Until entry of a Chapter 13 Discharge, Creditor will retain a lien in the amount of $79,000.00 and in the event of a default in payments, Creditor is entitled to foreclose its lien on the Property. The lien will be deemed satisfied upon payment in full of the secured Claim of $79,000.00, plus interest. It is further:

ORDERED that this Order shall be recorded in the public records of Marion County, Florida.

ORDERED that in the event that this case in converted under any other Chapter, dismissed, or closed without discharge, then Creditor's Claim shall no longer be considered bifurcated under the terms of this Order and shall be restored in full force and effect on the real property. It is further:

ORDERED that the remaining balance of $130,151.16 shall be an allowed unsecured claim for the purposes of distribution through the Debtors' Chapter 13 Plan.

DONE and ORDERED in Orlando, Florida, this 11th day of September, 2014

_____
CYNTHIA C JACKSON
United States Bankruptcy Judge


Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2013-3 and the Debtors, Gildharee Persaud and Bhagwatie Persaud, by and through their undersigned counsel consent to the entry of this Agreed Order.

| /s/ Matthew Klein | /s/ Joel L. Gross |
|---|---|
| MATTHEW KLEIN | JOEL L. GROSS, ESQ. |
| Florida Bar No.  73529 | Florida Bar No. 419796 |
| MILLENNIUM PARTNERS | Law Office of Joel Gross, P.A. |
| 21500 Biscayne Blvd., Ste. 600 | 655 W. Highway 50, Suite 101 |
| Aventura, FL 33180 | Clermont, FL 34711 |
| Tel: (305) 698-5839 | Tel: (352) 536-6288 |
| Fax: (305) 698-5840 | Fax: (352) 536-2452 |
| Email: bankruptcy@millenniumpartners.net | Email: jlgpa@cfl.rr.com |
| Attorney for Kondaur | Attorney for Debtors |


Attorney Joel Gross is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the order.